United States District Court
for the
Southern District of Florida

| Dimitri Patterson, Plaintiff, | ) | |
|---|---|---|
| v. | ) | Civil Action No. 20-21028-Civ-Scola |
| United States of America, Defendant. | ) | |

## Order Denying Preliminary Injunction

This matter is before the Court on the Plaintiff Dimitri Patterson's emergency[1] motion for preliminary injunction against the United States of America. (ECF No. 1.) For the reasons set forth below, the Court **denies** Patterson's motion.

This civil action suffers from at least two procedural defects. First, the Court notes that no complaint has been filed in this case. The Federal Rules provide that a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Patterson filed a motion to enjoin "all Defendants and the State of Florida named in the Verified Complaint, from obstruction and civil rights violations." (ECF No. 1 at 12.) However, the Plaintiff has not filed a complaint in this case, nor is it clear which "Defendants" he seeks for the Court to enjoin because only the United States is named in the motion's heading. (*Id.* at 1.)

Second, a preliminary injunction may be granted without notice to the enjoined parties only if (1) "it clearly appears from specific facts . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition," and (2) the applicant "certifies to the court in writing efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b).

The Court has considered Patterson's motion, and it has determined that an injunction issued without notice is not appropriate in this case. Accordingly, the Plaintiff's motion for preliminary injunction (**ECF No. 1**) is **denied**. The Court further orders as follows:

1. Patterson must file a complaint in this case by **April 8, 2020**.

---

[1] The Court issued an order determining that emergency circumstances are not present and notifying the plaintiff that the case will be handled in the ordinary course. (ECF No. 4.)

2. Patterson must serve the complaint on the Defendants 90 days after he files the complaint in accordance with the Federal Rules of Civil Procedure.

3. Patterson must pay the appropriate filing fee with his complaint. Patterson is a serial filer as he has filed at least 12 civil rights complaints in the Southern District of Florida. According to his motion, Patterson is currently incarcerated. (ECF No. 1 at 7.) Pursuant to § 1915(g), a prisoner who has had three prior actions dismissed for frivolity, malice, or failure to state a claim is not allowed to proceed *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Patterson has far exceeded the "three strikes" afforded to him. *See Patterson v. Miami-Dade County*, Case No. 18-cv-20241 (S.D. Fla. March 2, 2018) (Ungaro, J.); *Patterson v. Miami-Dade County*, Case No. 18-cv-20821 (S.D. Fla. March 7, 2018) (Altonaga, J.); *Patterson v. Miami-Dade County*, Case No. 19-cv-22149 (S.D. Fla. June 18, 2019) (Scola, J.).

The Court further warns that failure to comply with this order, will result in sanctions, up to and including dismissal. *See* Fed. R. Civ. P. 16(f).

**Done and ordered** at Miami, Florida, on March 25, 2020.

_____
Robert N. Scola, Jr.
United States District Judge